Dear Mr. Rattler:
In connection with the proposed constitutional amendment adopted by the Legislature at the 1992 Constitutional Convention, you have requested an Attorney General's opinion regarding the impact of proposed constitutional Art VII, Sec. 11.1, which section provides the Governor and the Legislature with enhanced budget reduction ability.
In particular, you ask if passage of the amendment at the November 3, 1992 election will authorize the Governor and the Legislature to reduce by ten percent (10%), upon the official certification of a forecasted budget deficit: (1) the balance contained in the Permanent Trust Fund, and (2) the interest earnings and any royalty revenues that become available for appropriation to the Board of Elementary and Secondary Education ("BESE") and the Louisiana Board of Regents ("Regents") via the Louisiana Quality Education Support Fund, all as provided by La. Const. (1974) Art. VII, Sec. 10.1, as amended.
In our opinion, the proposed constitutional amendment does not authorize the Governor to recommend, nor the Legislature to appropriate (or reduce), any portion of the balance of the Permanent Trust Fund. The constitution clearly provides that funds can only be withdrawn from the treasury pursuant to an appropriation [La. Const. (1974) Art. III, Sec. 16 Art. VII, Sec. 10(D)], and the provisions which establish and provide for the Permanent Trust Fund state that "[n]o appropriation shall be made from the Permanent Trust Fund" [La. Const. (1974) Art. VII, Sec. 10.1(A)(1)].
It is noteworthy that the proposed constitutional amendment itself states that the authority granted to the Governor and the Legislature only encompasses "monies available for appropriation".
In our opinion, the proposed constitutional amendment does authorize the Governor and the Legislature to appropriate, and thereby reduce, up to ten percent of interest earnings and royalty revenues available for appropriation to BESE and Regents via the Louisiana Quality Education Support Fund. Those funds, are not protected by a `non-appropriation clause' as is the Permanent Trust Fund.
In discussing this matter with you, it came to the undersigned's attention that you also question whether the budget reduction authority provided by this amendment could be exercised more than once in connection with a particular fiscal year budget. In our opinion, the authority to cut up to ten percent in mandatory expenditures and utilize up to ten percent of dedicated funds to balance the budget may be exercised both when the budget is prepared for an ensuing fiscal year (if the official forecast for that year is less than the forecast of the current year), as well as during that fiscal year (if appropriations are determined to exceed the official forecast, resulting in a projected deficit).
We trust this adequately responds to your request. Should you need additional information, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 182n